Dorothy A. CUMMINGS,
Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 90–2310.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 13, 1991.

Decided Dec. 10, 1991.

Frederick J. Daley (argued) and Dorie Budlow, Chicago, Ill., for plaintiff-appellant.

Margaret C. Gordon, Asst. U.S. Atty., Craig A. Oswald, Office of the U.S. Atty., Crim. Div., and Gary A. Sultz (argued), Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, Ill., for defendant-appellee.

Before MANION and KANNE, Circuit Judges, and GRANT, Senior District Judge.[*]

GRANT, Senior District Judge.

In 1985 Dorothy Cummings sought social security disability benefits under 42 U.S.C. §§ 416(i) and 423(d). After numerous administrative and judicial reviews of her application, Cummings was finally granted all the relief she had initially requested. The claimant then filed for attorney's fees under the Equal Access to Justice Act [EAJA], 28 U.S.C. § 2412. We have been asked to review the district court's denial of those fees. For the reasons presented below, we affirm the decision of the district court.

## I. BACKGROUND

Dorothy Cummings applied for disability benefits after the injuries she suffered in an automobile accident left her unable to work. Twice in 1985 her application was denied by the Social Security Administration of the Department of Health and Human Services. In January 1986 Administrative Law Judge [ALJ] Allyn Brooks approved benefits for the period of September 25, 1983 (the date of her accident) through January 27, 1986 (the date of the administrative hearing). However, based on recent medical test results by Cummings' treating physician, the ALJ concluded that the claimant had regained the capacity to perform a wide range of sedentary work and therefore was no longer disabled within the meaning of the Social Security Act.[1]

Cummings sought review of the ALJ's determination of no present disability before the Appeals Council. With her request she submitted new evidence, reports by a psychologist and vocational expert, supporting her claim of continued disability. However, the Appeals Council declined

---

[*] The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. The record contained the medical reports of various doctors who had treated Cummings in the hospital. Residual Functional Capacity [RFC] assessments were made twice in 1985 by nontreating physicians and reviewed favorably by other physicians. The treating physician's RFC assessment, conducted on January 26, 1986, reached substantially the same results. It did state explicitly, however, that Cummings had a very limited ability to stand and walk but no push/pull impairment or sitting limitation. Neither the reports nor testimony at the hearing suggested any mental or emotional difficulties. After noting Cummings' noncredible testimony as to pain and reviewing the medical data and information concerning the claimant's age, limited education, and inability to perform past work, the ALJ used the Medical–Vocational Guide (the "Grid") in determining that Cummings was disabled prior to the January 1986 assessment but now was capable of performing a wide range of sedentary work. He noted the weakness in her left arm and her inability to use that nondominant arm in repetitive motions, but concluded that the impairment did not significantly reduce the range of sedentary work she could perform.

the reconsideration, finding there was no basis for review under the regulations. Cummings then brought an action for review of that decision in the United States District Court for the Northern District of Illinois.

The district court remanded the case to the Appeals Council, requiring consideration of the new reports filed by Cummings. *See Cummings v. Bowen*, 677 F.Supp. 975 (N.D.Ill.1988). However, it also made several findings concerning the ALJ's analysis of Cummings' disability claims. It found no patent error in the ALJ's credibility assessment of Cummings' pain testimony, *id.* at 981, and determined that the ALJ's findings on Cummings' medical conditions (her standing/sitting limitations) were supported by substantial evidence in the record. *Id.* at 982. The court felt it was a "close question" whether there had been a sufficient showing of available jobs that Cummings could perform. Suggesting that a vocational assessment would have been preferable, the court nevertheless stated that it "would be reluctant to hold a claimant disabled based on the ALJ's failure to consult a vocational specialist in these circumstances." *Id.* It remanded the case specifically for review of new evidence, but proposed that the Appeals Council "may choose to obtain the opinion of a vocational specialist if it deems that necessary on the record then before it." *Id.*

The Appeals Council vacated its earlier order and remanded the case to an ALJ for consideration of the new evidence previously tendered and for a supplemental hearing at which it required the following additional evidence: the testimony of a vocational expert; the results of psychological, psychiatric, and orthopedic examinations; and a medical assessment of the claimant's ability to perform work-related physical activities. On November 28, 1989, ALJ Richard J. Murphy stated that the first ALJ report was well-founded. He then found that Cummings had been disabled since her accident and, because of current severe mental impairments and other limitations, continued to be under a "disability," as defined in the Social Security Act, 20 C.F.R. § 404.-1594(f)(8).

On January 24, 1990, Cummings filed a motion for attorney's fees under the Equal Access to Justice Act [EAJA], 28 U.S.C. § 2412(d)(1)(A). The defendant Secretary of Health and Human Services [Secretary] opposed the motion on the ground that his position in the litigation was "substantially justified." On February 28, 1990, the court denied Cummings' motion for EAJA fees. Judge Shadur pointed out that, in his review of the merits of Cummings' case, he had rejected two of her arguments and found the third one a close question; the remand was based only on the Appeals Council's failure to consider new and material evidence. The court's denial of the EAJA application was based on its finding that the government's position, although ultimately unsuccessful, was "substantially justified" as defined in *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

On April 11, 1990, the district court denied Cummings' motion to alter or amend the judgment. This appeal followed.

## II. DISCUSSION

Section 2412(d)(1)(A) of Title 28, the EAJA, provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

In *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), the Supreme Court has summarized the statutory conditions mandated in EAJA fee determinations:

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant

be a "prevailing party"[2]; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"[3]; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.[4]

*Id.* 110 S.Ct. at 2319. Claimant Cummings has challenged on appeal only the second requirement by asserting that the district court erred in finding that the Secretary's position was substantially justified.

■ The question of the government's "substantial justification" is reviewed on appeal under the deferential abuse of discretion standard. *Pierce v. Underwood,* 487 U.S. at 562–63, 108 S.Ct. at 2548–49; *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 934 (7th Cir.1989). To meet its burden of proof the government must establish that its position, "the position of the United States," had a reasonable basis in law and fact. *Phil Smidt & Son, Inc. v. N.L.R.B.,* 810 F.2d 638, 642 (7th Cir.1987); *Ferrell v. Pierce,* 743 F.2d 454, 466 (7th Cir.1984). We are asked herein to review what the "position of the United States" encompasses and whether the United States adequately proved that its position was "substantially justified."

2. It is undisputed that Cummings, who attained all the benefits she sought, is a "prevailing party." *See Shepard v. Sullivan,* 898 F.2d 1267, 1271 (7th Cir.1990).

3. The government did not assert circumstances that would render an award unjust.

4. No "final judgment" has actually been entered in this action. Nevertheless, under the analysis furnished by the Supreme Court in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), we find that Cummings' fee application has been timely filed. First, we categorize the district court's remand of this case, under 42 U.S.C. § 405(g) *[See* n. 9, *infra* ], as a "sentence six remand," for the court did not affirm, modify, or reverse the Secretary's decision; rather, it simply remanded for a review of new and material evidence. *Id.* 111 S.Ct. at 2163. The district court thereby implicitly retained jurisdiction over the entire proceeding to review subsequent actions by the Secretary. Once the remand proceedings were completed,

## A. *"Position of the United States"*

Both in the district court and on appeal Cummings asserted that the "position of the United States" refers broadly to the actions of the government, the agency, the Secretary, the ALJ and the Appeals Council. She argued that the error of the Appeals Council, which failed to review the new evidence submitted by Cummings, led directly to litigation in the district court, and that the Council's "position" was not substantially justified.

The district court rejected that argument. It distinguished two roles of the government, as litigator and as adjudicator; it then found that the "substantial justification" test is not applied to the "decisional body, the one that stands in the same posture that I do." (Transcript of April 11, 1990 hearing, at 4.)

To determine who is the "United States" we begin with the definitions in the EAJA statute itself.

(C) "United States" includes any agency and any official of the United States acting in his or her official capacity;

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, *the action or failure to act by the agency upon which the civil action is based;* except that fees and expenses may not

the Secretary was required by § 405(g) to file with the court the Appeals Council's findings and decisions. This filing was not tendered. Had it been done, the remanding court would have reviewed the administrative determination and entered a final judgment in the claimant's action. *Id.*

The EAJA filing period does not begin until after the court's final judgment is entered and the appeal period runs. *Melkonyan,* 111 S.Ct. at 2165. However, the *Melkonyan* Court has indicated that a claimant's application for EAJA fees can be treated as filed despite the lack of formal entry of final judgment. *Id.* 111 S.Ct. at 2166. Neither party raised this procedural defect, and we have no difficulty accepting this fee application as timely filed. *Accord, Welter v. Sullivan,* 941 F.2d 674, 675–76 (8th Cir.1991). We wish, nonetheless, to point out that the *Melkonyan* decision abrogated this court's definition of "final judgment" in *Jabaay v. Sullivan,* 920 F.2d 472 (7th Cir.1990) (per curiam), and to express our confidence that the Secretary will promptly complete postremand filings in the future.

be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings.

28 U.S.C. § 2412(d)(2)(C) and (D) (emphasis added). The statute requires a court to determine the substantial justification of the government's present and past stances on the basis of both the court and agency records:

> ... Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (*including the record with respect to the action or failure to act by the agency upon which the civil action is based*) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (emphasis added).[5]

The Supreme Court recently clarified the parameters of the term "position" in *Jean:*

> The fact that the "position" is again denominated in the singular, although it may encompass both the agency's prelitigation conduct and the Department of Justice's subsequent litigation positions, buttresses the conclusion that only one threshold determination for the entire civil action is to be made.

*Jean,* 110 S.Ct. at 2319. And in *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Court commented that, when a case is remanded to the Appeals Council for further administrative proceedings, the claimant is entitled to EAJA fees "unless the Secretary's *initial position* was substantially justified." *Melkonyan,* 111 S.Ct. at 2165 (emphasis added).

It is clear that both the litigating position of the Secretary before the district court and the agency's prelitigation conduct, its action or inaction, the position that gave rise to the litigation in district court, are

the subjects of this "justifiable position" inquiry. *Gotches v. Heckler,* 782 F.2d 765, 767 (7th Cir.1986). *Accord, Trahan v. Brady,* 907 F.2d 1215, 1218 (D.C.Cir.1990); *Abela v. Gustafson,* 888 F.2d 1258, 1265–66 (9th Cir.1989); *Weiss v. Commissioner of Internal Revenue,* 850 F.2d 111, 116 (2nd Cir.1988); *Brinker v. Guiffrida,* 798 F.2d 661, 667 (3rd Cir.1986).

■ But we are asked to consider whether the actions of the Appeals Council are excluded from the agency's conduct because the Council is solely an adjudicator. We would like to agree with the district court that the Council's adjudicatory role is judicial in nature and is not the "government's position." After all, the adjudication of benefits claims is administered by an administrative law judge and reviewed by the Appeals Council. *See Wilkins v. Sullivan,* 889 F.2d 135, 141 (7th Cir.1989). We have called the Appeals Council "the final arbiter and 'supreme administrative court' in the agency process."[6] *Giacone v. Schweiker,* 656 F.2d 1238, 1241 (7th Cir. 1981).

However, agency proceedings to determine social security benefit allowances are not adversarial in nature, since the United States is not represented by counsel. *Sullivan v. Hudson,* 490 U.S. 877, 891, 109 S.Ct. 2248, 2257, 104 L.Ed.2d 941 (1989). Moreover, each decision concerning benefits is a "decision of the Secretary," and the Appeals Council's decision is the "final decision of the Secretary." *Ray v. Bowen,* 843 F.2d 998, 1001 (7th Cir.1988); *Bauzo v. Bowen,* 803 F.2d 917, 921 (7th Cir.1986). When errors are made by the ALJ or the Appeals Council, it is the Secretary who is held accountable. *Ray, supra. See also Homemakers North Shore, Inc. v. Bowen,* 832 F.2d 408, 413 (7th Cir.1987) (Secre-

---

**5.** We note the similar text in Congress's authorization of fee awards under 5 U.S.C. § 504(a)(1) (1991 Supp.):

> ... Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought.

**6.** We have also noted, however, that the agency's appellate review of disability cases "usually is perfunctory, so that in most cases judicial review of the agency's order is in effect judicial review of the administrative law judge's order." *McLaughlin v. Union Oil Co. of California,* 869 F.2d 1039, 1042 (7th Cir.1989).

tary's final decision is position of agency as an entity).

We find that the Appeals Council determination cannot be considered purely judicial in nature. Rather, it is part of the agency's prelitigation conduct, and must be examined in determining the singular "position" of the United States. The district court held that the government's position was substantially justified. We may not overturn this conclusion absent an abuse of discretion.

#### B. *"Substantial Justification"*

The position of the United States is substantially justified if it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Underwood,* 487 U.S. at 565, 108 S.Ct. at 2550.

> ... [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2. *See also Frey v. Commodity Futures Trading Commission,* 931 F.2d 1171, 1174 (7th Cir. 1991); *Phil Smidt & Son,* 810 F.2d at 642. Although we consider both the prelitigation conduct and the subsequent litigation position of the Secretary, we must "make only one finding about the justification of that position." *Jean,* 110 S.Ct. at 2319.

#### (1) *Prelitigation Position of the Secretary*

█ Cummings contended that the Secretary's prelitigation position was not substantially justified because ALJ Brooks failed to follow Social Security Rulings [SSR] 83–10, 83–12 and 83–13, which mandate vocational expert testimony in a case like hers, and instead based his disability determination on the criteria established under the Medical–Vocational Guide, or "Grid." [7] Since she was in fact awarded benefits after the ALJ considered the vocational evidence, it was clear, argued Cum-

mings, that the position of the Secretary was not reasonable in fact or in law.

The district court had found the assessment of a vocational specialist optional rather than required. *Cummings v. Bowen,* 677 F.Supp. at 981. The court then recommended, but did not mandate, that the Secretary consider such expert testimony on remand.

> Clearly, given the ALJ's conclusion that Cummings' use of her left arm was restricted, the better practice would have been to obtain testimony of a vocational specialist as to the jobs available to her in light of that limitation. Still, this Court would be reluctant to hold a claimant disabled based on the ALJ's failure to consult a vocational specialist in these circumstances.

*Id.* at 982. On appeal the Secretary responded that the ALJ's application of the Grid, without consultation with a vocational expert, was appropriate because there was substantial evidence in the record to indicate that the claimant's minimal impairment of her left arm would not significantly compromise the otherwise available range of sedentary jobs.

We agree with the court below. First, Cummings' claim that SSR 83–10, 83–12 and 83–13 *require* the consultation of a vocational resource is simply a misreading of those Rulings. Intended to aid in the medical-vocational evaluation of a claimant's capability to do other work, the Rulings offer detailed guidance for evaluating exertional and nonexertional impairments. They comment on the loss of manual dexterity in sedentary and light ranges of work, and recommend that a decisionmaker consult a vocational resource when determining how much a claimant's occupational base is reduced by the effects of such impairments. The pertinent statement in the Rulings is: "In more complex cases, a person or persons with specialized knowledge would be helpful." This statement is advisory, not mandatory. So too the regu-

---

**7.** Found at 20 C.F.R. pt. 404, Subpt. P, App. 2, the Grid "is a chart which classifies a claimant as disabled or not disabled, based on the claim-

ant's physical capacity, age, education, and work experience." *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987).

lations themselves permit, but do not require, the use of specialists.

*Use of vocational experts and other specialists.* If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue, we may use the services of a vocational expert or other specialist. We will decide whether to use a vocational expert or other specialist. 20 C.F.R. § 404.1566(e); 20 C.F.R. § 416.-966(e). We find that the district court correctly recognized the Secretary's discretionary use of a vocational expert. *Accord Warmoth v. Bowen,* 798 F.2d 1109, 1112 (7th Cir.1986); *Albrecht v. Heckler,* 765 F.2d 914, 916 (9th Cir.1985) (per curiam); *Hernandez v. Heckler,* 704 F.2d 857, 863 (5th Cir.1983).

Also, our review of the evidence, and particularly of the medical evidence of impairment of Cummings' nondominant upper arm before ALJ Brooks, leads us to conclude that the Secretary's initial position concerning the use of the Grid was certainly reasonable both in law and in fact. This court will uphold an ALJ's determination based on application of the Grid where there is sufficient evidence that "the limitations in question do not significantly diminish the employment opportunities otherwise available." *Warmoth v. Bowen,* 798 F.2d at 1112. *See also Clark v. Sullivan,* 891 F.2d 175, 178–79 (7th Cir.1989); *Caldarulo v. Bowen,* 857 F.2d 410, 413 (7th Cir.1988). Although the district court found the ALJ's sole use of the Grid, without vocational consultation, to be a "close question," it refused to reverse the determination on

that issue. *Cummings,* 677 F.Supp. at 982. We find that the closeness of the question is, in itself, evidence of substantial justification. *Accord, Jackson v. Bowen,* 807 F.2d 127, 129–30 (8th Cir.1986) (per curiam); *Donovan v. DialAmerica Marketing, Inc.,* 757 F.2d 1376, 1389 (3rd Cir.), *cert. denied,* 474 U.S. 919, 106 S.Ct. 246, 88 L.Ed.2d 255 (1985).

The claimant's basic argument before this court is that, because on remand she presented sufficient evidence to warrant an award of benefits, the government's position could not have been substantially justified. Such an assertion reflects Cummings' confusion of two different legal standards of review, "substantial evidence" and "substantial justification," which are used at different stages and involve different tests.[8] When reviewing a disability claim, we affirm the Secretary's decision if it is supported by "substantial evidence" in the record, that is, by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Key v. Sullivan,* 925 F.2d 1056, 1061 (7th Cir. 1991) (citations omitted). When reviewing an EAJA fees claim, however, we find that the Secretary's position was "substantially justified" if it had a reasonable basis in law and fact. The *Underwood* Court expressly pointed out that the losing party in an EAJA case may have taken a substantially justified position. *Underwood,* 487 U.S. at 569, 108 S.Ct. at 2552.

In this case, the district court below properly reviewed ALJ Brooks' disability analysis for "substantial evidence" and upheld his determinations concerning Cummings' discreditable testimony and her physical limitations.[9] Even after question-

**8.** *See Broussard v. Bowen,* 828 F.2d 310, 311–12 (5th Cir.1987); *Pullen v. Bowen,* 820 F.2d 105, 108 (4th Cir.1987) (abrogated on different grounds); *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) (per curiam); *Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1087 (D.C.Cir. 1986); *Couch v. Secretary, Health and Human Services,* 749 F.2d 359, 360 (6th Cir.1984) (per curiam).

**9.** The ALJ properly gave substantial weight to the claimant's treating physicians. *Anderson v. Sullivan,* 925 F.2d 220, 222 (7th Cir.1991); *Stith v. U.S. Railroad Retirement Board,* 902 F.2d

1284, 1288 (7th Cir.1990). The other medical evidence and RFC assessments corroborated those reports. Because the medical evaluations indicated that Cummings could lift 10 pounds, and occasionally up to 25 pounds, and because the other criteria for sedentary work were met, *see* 20 C.F.R. §§ 404.1567(a), 416.967(a), the ALJ turned to Cummings' age and level of education. The final decision of the ALJ, which became the final determination of the Secretary, was that Cummings was able to do the full range of sedentary work as of the date of her last medical evaluation. The district court affirmed that

ing the ALJ's conclusion concerning job availability, made without consultation with a vocational specialist, the court declined to find error in the ALJ's ruling or to reverse the Secretary's final determination, and instead remanded solely for consideration of new evidence.[10] ALJ Murphy, who reviewed the case on remand, stated that ALJ Brooks' assessment of the medical and RFC evidence before him "was well-founded." ALJ Murphy's decision that Cummings continued to be disabled was based on updated medical reports and the new evidence of borderline intellectual functioning and mental impairment. Thus both District Judge Shadur and ALJ Murphy, when reconsidering the evidence, found that the Secretary's initial position in denying Cummings' claims for benefits was reasonable.

We find, after a review of the entire record, that the Secretary's prelitigation conduct had a reasonable basis in fact and in law, and that the district court did not abuse its discretion by finding that it was substantially justified.

#### (2) *Litigation Position of the Secretary*

■ The Secretary's position before the district court was that the evidence of mental impairment, which Cummings submitted for the first time to the Appeals Council, did not constitute a basis for reviewing the ALJ's decision. According to the Secretary, the claimant's proper remedy was to file a new application for benefits rather than to "bootstrap" her claim to an application that had already been considered at every stage of administrative review. The district court rejected this position, and held that the additional evidence submitted by Cummings, which was "new and material," should have been considered by the Appeals Council pursuant to 20 C.F.R. § 404.970(b) and 42 U.S.C. § 405(g).[11]

It is not our task to determine whether the ruling of the district court was correct; we must decide only whether the Secretary's position before the court was reasonable or justified in substance. And we find that it was so justified. The district court itself noted that its conclusion might be at odds with the Sixth Circuit's per curiam decision in *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 553–54 (6th Cir.1984), and that this circuit had not directly addressed the issue. *Cummings*, 677 F.Supp. at 979 n. 8. The court also commented that the claimant, represented by counsel, had no good cause for failing to raise her emotional impairments at the first

---

the Secretary's determination of no present disability was supported by substantial evidence; its remand was based solely on consideration of evidence not raised before the ALJ. We find that no medical evidence was inconsistent with the ALJ's determination, and that substantial evidence supported the ruling. *See Kapusta v. Sullivan*, 900 F.2d 94, 96 (7th Cir.1989); *Stuckey v. Sullivan*, 881 F.2d 506, 509–10 (7th Cir.1989). However, that is not the issue before this court.

**10.** On appeal Cummings recommended that this court *revise* the district court's basis for remanding her case to the Appeals Council by adding, as a second basis for remand, the Secretary's failure to follow his own rulings that require the use of a vocational specialist. The claimant offered no legal support for her position and admitted in her brief that such a suggestion "may seem novel." We certainly agree. In reviewing an EAJA determination, our task is to consider whether the district court abused its discretion in finding that the Secretary's position was substantially justified. Although we review the entire record to analyze the Secretary's position, we do not reweigh the evidence. *Angevine v. Sullivan*, 881 F.2d 519, 521 (7th Cir.1989). The scope of our review is defer-

ential, not plenary. *Underwood*, 487 U.S. at 557–63, 108 S.Ct. at 2545–49. We certainly have no authority for revising a lower court order.

**11.** 20 C.F.R. § 404.970(b) states:

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

42 U.S.C. § 405(g) provides in part:

The court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

**500**

ALJ hearing. *Id.* at 979 n. 6. However, since under § 405(g) a claimant must show good cause for failing to introduce evidence "in a prior proceeding," the district court found that Cummings did try to bring the new evidence before the Appeals Council, "and the Appeals Council's error in refusing to consider it certainly constitutes good cause for Cummings' inability to include it in the record." *Id.* at 979.

The circuits differ in their reading of § 405(g). This court has interpreted that provision to require good cause for a failure to submit new evidence to the ALJ *and* the Appeals Council. *Sears v. Bowen,* 840 F.2d 394, 399 (7th Cir.1988). And the Eighth Circuit, in *Williams v. Sullivan,* 905 F.2d 214 (8th Cir.1990), required the Appeals Council to consider the new material if the request for review was made "prior to the Secretary's final decision." *Id.* at 216. *Williams* specified that evidence offered to the Appeals Council before its decision was rendered so qualified. *Id.* at 216 n. 6. *See also Milano v. Bowen,* 809 F.2d 763, 767 (11th Cir.1987) (good cause for failure to submit evidence at administrative level includes submission to Appeals Council). On the other hand, the Ninth Circuit has agreed with the Sixth Circuit's conclusion in *Willis,* requiring demonstration of good cause for failure to include the evidence in the *original* hearing. *Gamer v. Secretary of Health and Human Services,* 815 F.2d 1275, 1280 (9th Cir.1987).[12] We find that the Secretary's litigation position, which follows the approach of the Ninth and Sixth Circuits, is certainly a reasonable one.

 We note, as well, that the Appeals Council's failure to review the new evidence apparently resulted from a clerical failure to file those reports in Cummings' file. Although attorney's fees have been awarded under the EAJA in cases in which the Secretary was found to have acted in bad faith, *see, e.g., Russell v. Sullivan,* 930 F.2d 1443 (9th Cir.1991) and *Brown v. Sullivan,* 916 F.2d 492 (9th Cir.1990), we will not treat this clerical error, which was not shown or suggested to have been deliber-

ate, as actual proof that the government acted unreasonably. *See Federal Election Commission v. Rose,* 806 F.2d 1081, 1088 (D.C.Cir.1986) (agency neglect of relevant factor in reaching decision does not invariably doom the decision to the ranks of unreasonableness). In any case, that negligence is but one part of the agency's conduct. We must consider the "position of the United States," which encompasses the government's conduct before the agency and the court, and make "only one threshold determination for the entire civil action." *Jean,* 110 S.Ct. at 2319. We find the Council's negligence, in the overall picture, to be a nondeterminative factor.

## III. CONCLUSION

The EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items," and requires a "single finding that the Government's position lacks substantial justification." *Jean,* 110 S.Ct. at 2320. In this case, the district court found that the government sustained its burden of showing that its position was substantially justified. After reviewing the actions of the Secretary during the administrative review, before the district court, and again before the agency on remand, and noting the negligent act of the Appeals Council, we find that the singular position of the Secretary before the district court was substantially justified. We hold that the district court did not abuse its discretion in determining that the government's position regarding Cummings' claim was justified to a degree that could satisfy a reasonable person. Therefore we AFFIRM the district court's denial of fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

---

**12.** *Williams, Gamer,* and *Milano* analyze 20   C.F.R. § 404.970(b) in similar fashion.