81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Janice L. GENTILE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration, Defendant-Appellee.
 No. 95-1213.
 United States Court of Appeals,
Tenth Circuit.
 March 22, 1996.
 
 ORDER AND JUDGMENT[1]
 Before BRORBY, HOLLOWAY, and HENRY, C.JJ.
 HOLLOWAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this appeal from the denial of her motion for fees and costs, made under the Equal Access to Justice Act (EAJA), see 28 U.S.C. 2412(d), plaintiff-appellant Janice L. Gentile (claimant) argues that the Secretary's original denial of disability benefits was not substantially justified. We review the district court's determination that the Secretary's position was substantially justified only for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 558-59 (1988). Upon consideration of the record[2] and the parties' arguments on appeal, we affirm the denial of EAJA fees and costs.
 
 
 3
 In 1987, claimant applied for disability benefits based upon a work-related injury she suffered to her right ankle in August 1983. Following a hearing, the administrative law judge (ALJ) found that "[t]he medical evidence establishes that the claimant has severe residual nerve damage and circulation impairment to the right foot, cervical disc herniations without evidence of nerve root encroachment, and fibrositis." Appellant's App. at 40. Nonetheless, in denying disability benefits, the ALJ determined that, while claimant was unable to perform her past relevant work as a "public service fitter, heavy equipment operator, or auto mechanic," she remained capable of performing other work, of a sedentary nature, existing in the national economy. Id. at 41.
 
 
 4
 Claimant filed another application for benefits in 1988, which the ALJ, without conducting a hearing, dismissed as barred by res judicata. Claimant challenged that denial in district court. While the civil action was pending and before the Secretary had filed a responsive pleading, the district court granted the Secretary's unopposed motion to remand the case to the agency for consideration of new evidence pertaining to claimant's possible mental impairments. Based upon that new evidence, the Secretary reopened the earlier decision denying disability benefits and determined that claimant had been disabled since August 1984. "[C]laimant's attorney has presented much new medical evidence that shows that the claimant suffers from an organic mental disorder and post traumatic stress disorder. When combined with the claimant's significant orthopedic complaints imposing significant physical limitations, she must be found disabled." Id. at 19.
 
 
 5
 Claimant then filed her motion for EAJA fees and costs. The only issue presented in this appeal is whether the district court abused its discretion in denying that motion, after determining that the government's position in originally denying claimant disability benefits was substantially justified. Appellant's Opening Br. at 4. The Secretary bears the burden of establishing that her position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.), cert. denied, 116 S.Ct. 49 (1995). The Secretary's position can be justified though not ultimately correct; it will be substantially justified if a reasonable person could think it correct--that is, if it has a reasonable basis in law and fact. Pierce, 487 U.S. at 566 n. 2; see also United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1486-87 (10th Cir.), cert. denied, 469 U.S. 825 (1984).
 
 
 6
 Claimant first argues that, in February 1988, the ALJ possessed all of the evidence necessary to support the later diagnosis of an organic mental disorder.[3] While the record before the ALJ in February 1988 did contain scattered complaints such as dizziness, tinnitus, double vision, loss of concentration, cognitive deficits in memory and word-finding, and loss of sleep, see Appellant's Br. at 6, which claimant's physicians would eventually piece together to support their later diagnoses of her mental disorders, none of those doctors had as yet made those diagnoses. Nor had claimant ever alleged that she was disabled as a result of any mental impairment. See Young v. Sullivan, 972 F.2d 830, 835-36 (7th Cir.1992)(original denial of benefits was substantially justified where medical advisor's testimony at second hearing was new evidence supporting claimant's disability, even though that opinion was based upon objective medical evidence available at time of first hearing); Reeves v. Bowen, 841 F.2d 383, 384-85 (11th Cir.1988)(despite new evidence of claimant's significantly subaverage IQ that met listings for disability, submitted on remand, government's previous denial of benefits was substantially justified where claimant had not alleged mental retardation as basis for disability benefits and nothing in prior record indicated that IQ met disability listing or that further investigation was warranted).
 
 
 7
 In addition, there was nothing in the record, in February 1988, that would have required the ALJ to inquire further into any possible mental problems afflicting claimant. While the record did contain scattered references that, under other circumstances, might have compelled the ALJ to obtain a psychological evaluation, in this case the record already contained a significant amount of psychological evidence, obtained from several different treating sources. In light of the psychological evidence already before the ALJ in February 1988, the ALJ's denial of benefits without obtaining additional mental evaluations was substantially justified. See Andrews v. Bowen, 848 F.2d 98, 101-02 (7th Cir.1988)(where record was suitably extensive, including consistent reports of two physicians, one of whom was a psychiatrist, ALJ was not obligated to order more examinations at government expense without reason to expect results would differ from earlier exams).
 
 
 8
 Lastly, claimant argues that the Secretary was not substantially justified in denying benefits, in light of procedural problems surrounding the Appeals Council's consideration of the ALJ's dismissal of claimant's request for another hearing, following her 1988 application for benefits. The Appeals Council apparently disregarded claimant's timely request for review of that dismissal. Nonetheless, there is no indication that the Appeals Council's error was deliberate, see Cummings v. Sullivan, 950 F.2d 492, 500 (7th Cir.1991), and the record establishes that claimant's attorneys compounded the Appeals Council's error by further confusing and delaying agency action. Viewed in the light of the entire agency proceeding, see id., the Appeals Council's mistake did not serve to make the government's position in denying claimant disability benefits less than substantially justified. See id.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. All pending motions are denied as moot.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Appellant's motion, filed January 4, 1996, to supplement the record on appeal for the fourth time is granted
 
 
 [3]
 On appeal, claimant also argues that the ALJ's denial of benefits was not substantially justified because the ALJ failed to consider the side effects of claimant's medication and erred in applying the medical-vocational guidelines to deny benefits. We do not address these arguments, which claimant raises for the first time to this court. Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994)