Betty GIBSON–JONES, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security,[1] Defendant.

No. 95 C 874.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 23, 1998.

Janet F. Gerske, Beth A. Alpert, Beth A. Alpert & Associates, Chicago, IL, for Plaintiff.

Sherri Thornton, Asst. U.S. Atty., Leslye E. Jones, Asst. Regional Counsel, Social Security Administration, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Betty Gibson–Jones, was denied social security benefits by an Administrative Law Judge ("ALJ"). I affirmed the ALJ's decision. The Seventh Circuit reversed, finding the ALJ had not articulated sufficient reasons for disbelieving Ms. Gibson–Jones' testimony regarding her medical condition. The Seventh Circuit remanded the case, requiring the ALJ to "more specifically articulate his reasons for believing that Gibson–Jones' testimony is contradictory and inconsistent." *Gibson–Jones v. Chater*, 111 F.3d 133 (7th Cir.1997)(unpublished opinion). Ms. Gibson–Jones moves for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the following reasons, the motion is granted.

### *Substantial Justification* [2]

1. On September 29, 1997, Kenneth S. Apfel was sworn in as Commissioner of Social Security. In accordance with Federal Rule of Civil Procedure 25(d)(1), Mr. Apfel is substituted as defendant.

2. The factual background of Ms. Gibson–Jones'

■ Under the EAJA, I must award a prevailing party attorney's fees and other costs unless "the position of the United States was substantially justified or [] special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has found that the United States' position is substantially justified if it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The Court stated that "a position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2.

> In making this determination, it is appropriate for the district court to consider the government's litigating position as well as its prelitigation conduct—the action or inaction that gave rise to the litigation. . . . EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified.

*Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994) (citation omitted). The government has the burden of proving its position had a reasonable basis in law and fact. *Cummings v. Sullivan,* 950 F.2d 492, 495 (7th Cir.1991).

■ Ms. Gibson–Jones argues that the ALJ's findings had no basis in fact and thus, the denial of benefits was not substantially justified. Ms. Gibson–Jones testified that, due to her medical condition, she takes a variety of medicines on a daily basis. These drugs make her dizzy, drowsy, and nauseated to the point that she can barely walk. Ms. Gibson–Jones must lie down after taking these drugs until the side effects dissipate and her pain subsides. At the time of the hearing before the ALJ, Ms. Gibson–Jones was attending college. She took a course in the morning, returned home for medication, and went back to school for an afternoon course. Due to her illness and medication, Ms. Gibson–Jones often missed class. She was aided in household chores and child rear-

ing by a cousin who had moved into Ms. Gibson–Jones' home, and other family members.

A vocational expert testified at the benefits hearing that if Ms. Gibson–Jones needed to lie down after taking medication, there was no job for which she qualified. Although Ms. Gibson–Jones' testimony was uncontradicted, the ALJ found Ms. Gibson–Jones did not have to lie down during the day and thus, could perform sedentary work. The ALJ made this determination based on Ms. Gibson–Jones' ability to attend college classes, perform well at college, and care for her children.

As the Seventh Circuit noted, however, Ms. Gibson–Jones' testimony regarding her college attendance and child care responsibilities was not necessarily inconsistent with her need to lie down. *Gibson–Jones,* 111 F.3d 133 "[I]t is plausible for Gibson–Jones to experience the symptoms she described and need to lie down, while still being able to attend classes and minimally care for her children with the assistance of relatives." *Id.* The Seventh Circuit found the ALJ had not built a "logical bridge" between the evidence and the denial of benefits. *Id.* After finding Ms. Gibson–Jones ability to attend college and give limited child care was not inconsistent with her need to lie down, the Seventh Circuit noted there was no remaining reason in the ALJ's decision to explain why the ALJ disbelieved Ms. Gibson–Jones' testimony. Accordingly, the Seventh Circuit remanded the case.

Under the Seventh Circuit's reasoning, the ALJ's decision to deny benefits was not substantially justified. It relied upon purported inconsistencies in Ms. Gibson–Jones' testimony that the Seventh Circuit has found not to exist. Because the ALJ's belief was unreasonable and the ALJ presented no other basis to deny Ms. Gibson–Jones benefits, the government's decision did not have a reasonable basis in law and fact. *See Sutton v. Chater,* 944 F.Supp. 638, 645 (N.D.Ill. 1996)(ALJ's failure to develop the record to support decision to deny benefits meant decision did not have a reasonable basis in fact

case is set forth in previous opinions by this court, *Gibson–Jones v. Chater,* 926 F.Supp. 747

(N.D.Ill.1996), and the Seventh Circuit. Familiarity with those facts is presumed.

and thus, was not substantially justified). Since the government has failed in its burden to prove a substantial justification for its position, a fee award is appropriate.[3]

### Reasonableness of Fee

■ The attorney's fees awarded must be reasonable. 28 U.S.C. § 2412(d)(2)(A). Ms. Gibson–Jones attorney in the district court was Beth Alpert. Ms. Alpert requests $8,044.50 in attorney's fees. Ms. Gibson–Jones was represented in the Seventh Circuit by Janet Gerske. Ms. Gerske requests $12,323.22 in attorney's fees.[4] Both of Ms. Gibson–Jones' lawyers have extensive experience in social security disability law. The government argues that both of Ms. Gibson–Jones' attorneys spent an inordinate amount of time on her case and thus, the requested fees are unreasonable.

Ms. Alpert and Ms. Gerske have submitted detailed billing records accounting for their time on this case. Ms. Alpert spent 65.75 hours on various aspects of Ms. Gibson–Jones district court case, including drafting the complaint, attending court, and researching and drafting summary judgment briefs. Ms. Gerske spent 96.50 hours on Ms. Gibson–Jones' appeal, including reviewing the record, researching and writing briefs, and preparing for oral argument. The government presents no affidavit evidence indicating the hours expended were unreasonable. Given the size of the administrative record, which

contained over four hundred pages of medical records, and the fact specific nature of the case, these hours are reasonable.[5]

This case is analogous to *Sample v. Shalala,* No. 91 C 2191, 1994 WL 66144 (N.D.Ill. Mar.2, 1994). In *Sample,* Ms. Gerske was awarded fees for 155.50 hours of district court and appellate court work on a social security benefits case. The complexity of the *Sample* case appears to be substantially similar to the instant case. In this case, Ms. Gibson–Jones' lawyers request attorney's fees for 162.25 hours.

In sum, given the experience of Ms. Gibson–Jones' attorneys and the complexity of this case, the requested attorney's fees are reasonable.[6] Accordingly, Ms. Gibson–Jones is awarded $8,044.50 for Ms. Alpert's time and $12,323.22 for Ms. Gerske's time.[7]

### Conclusion

For the foregoing reasons, Ms. Gibson–Jones is entitled to attorney's fees totaling $20,367.72.

---

3. I am not unmindful of the fact that the Seventh Circuit remanded Ms. Gibson–Jones' case so that the ALJ could more specifically articulate his reasons for believing Ms. Gibson–Jones' testimony was contradictory. Ultimately, the ALJ may again deny Ms. Gibson–Jones benefits. But, that does not change the fact that the ALJ's original position was not substantially justified. It would be unfair to require Ms. Gibson–Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position. Ms. Gibson–Jones' should not be penalized the costs of an unnecessary appeal because the ALJ denied benefits for illogical reasons. Even if the ALJ does substantially justify his position on remand, his original lack of substantial justification has caused Ms. Gibson–Jones to incur recoverable expenses.

4. Ms. Gibson–Jones also requests $49.62 for photocopying and postage costs. Postage costs are not an appropriate expense under 28 U.S.C. § 1920. Ms. Gibson–Jones has not indicated

what portion of costs are attributable to postage and which to photocopying. Accordingly, costs are denied.

5. The government does not object to the calculation of the hourly rate for Ms. Alpert's and Ms. Gerske's time. Accordingly, in view of the increased cost of living since passage of the EAJA, the 1995 hourly rate will be $122, the 1996 hourly rate will be $126, and the 1997 hourly rate will be $128.

6. Ms. Gibson–Jones' request of $145.22 in LEXIS expenses is reasonable and will be considered attorney's fees. *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago,* 38 F.3d 1429, 1440 (7th Cir.1994).

7. Ms. Alpert's total is 60 hours in 1995 at $122 per hour ($7,320), plus 5.75 hours in 1996 at $126 per hour ($724.50). Ms. Gerske's total is 87 hours in 1996 at $126 per hour ($10,962), plus 9.5 hours in 1997 at $128 per hour ($1,216), plus LEXIS research totaling $145.22.