Linda GULO, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant

No. 97 C 6239.

United States District Court,
N.D. Illinois,
Eastern Division.

July 28, 1999.

Barry A. Schultz, Evanston, for Plaintiff.

Samuel D. Brooks, Assistant United States Attorney, Leslye E. Jones, Assistant Regional Counsel, Chicago, for Defendant.

## MEMORANDUM OPINION AND ORDER

DENLOW, United States Magistrate Judge.

The Seventh Circuit Court of Appeals affirmed in part and remanded in part this Court's decision approving the denial of Social Security disability benefits to Plaintiff, Linda Gulo. *Gulo v. Apfel*, 175 F.3d 1020 (7th Cir.1999) (unpublished order).

The case is now before the Court on Plaintiff's petition for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The principal issue presented is whether the Commissioner of Social Security ("Commissioner"), was substantially justified in its legal and factual positions. Because the Commissioner's positions throughout this proceeding had a reasonable basis in law and fact, the Plaintiff's petition for attorney's fees and costs is denied.

## I. BACKGROUND FACTS

Plaintiff applied for disability insurance benefits ("DIB") in April, 1994, alleging an inability to work because of a variety of physical ailments, including arthritis and tendinitis in her hands, a severe hearing impairment, pain in her back, shoulders, feet and under her arms, and swelling in her legs. She also experiences some vertigo and sleeping difficulty. Plaintiff was denied DIB by the Social Security Administration and challenged the denial at a hearing before an Administrative Law Judge ("ALJ").

Plaintiff raised three principal arguments before the ALJ: first, that Plaintiff's maladies constitute a severe impairment under the Social Security Act, second, that Plaintiff could not touch objects with her hands and was therefore disabled, or alternatively, that the condition of her hands rendered her unable to engage in any substantial gainful employment. The ALJ found against Plaintiff on all three issues, and in particular, found that Plaintiff was not disabled because she could perform assembler and inspector/checker jobs.

Subsequently, Plaintiff sought judicial review in this Court. This Court granted the Commissioner's motion for summary judgment and affirmed the ALJ's decision. Plaintiff then sought review by the Seventh Circuit. On appeal, Plaintiff raised three issues. First, Plaintiff challenged the ALJ's determination that she is capable of performing assembler and inspector/checker jobs. The Seventh Circuit remanded this issue to the ALJ to clarify her finding because of an apparent inconsistency between the ALJ's finding that Plaintiff could not perform activities requiring repetitive fingering and her finding that Plaintiff was capable of performing the assembler and inspector/checker jobs. The Seventh Circuit was uncertain as to whether the ALJ meant to find that Gulo's fingering limitation affected one hand or both. On the second issue, the Seventh Circuit affirmed this Court's determination that substantial evidence existed to support the ALJ's finding that Gulo could touch objects. Finally, the Seventh Circuit held that Plaintiff waived her third argument regarding whether the ALJ should have assessed her case under Rule 202.13.

## II. STANDARD FOR FEE AWARDS UNDER EAJA

■ EAJA directs a court to award attorney fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the Government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A) (1994). The position of the United States includes both its position during litigation and its position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D) (1994). To meet its burden of proof the government must establish that its position had a reasonable basis in law and fact. *Cummings v. Sullivan,* 950 F.2d 492, 495 (7th Cir.1991).

■ The standard of "substantially justified" is satisfied if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean,* 496 U.S. 154, 161–162, 110 S.Ct. 2316, 2320–2321, 110 L.Ed.2d 134 (1990).

"The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir.1994).

■■■ The Government's success on the merits is relevant to the "substantial justification" determination. In *Pierce*, the Supreme Court observed:

> Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes.

*Pierce*, 487 U.S. at 568, 108 S.Ct. at 2551. In addition, an innocent clerical error in the administrative law judge's conclusions does not make the government's position unreasonable. *See Cummings*, 950 F.2d at 499. In *Cummings*, the Appeals Council failed to review certain evidence apparently due to a clerical failure to file those reports in the case file. *Id.* "We will not treat this clerical error, which was not shown or suggested to have been deliberate, as actual proof that the government acted unreasonably." *Id.*

### III. THE COMMISSIONER'S POSITION WAS SUBSTANTIALLY JUSTIFIED

The Commissioner had a rational ground for its actions. There were three issues raised by Plaintiff on appeal. The Seventh Circuit sustained the Commissioner's position on two of the three issues. With respect to these two issues, it is clear the Commissioner had a reasonable basis in law and in fact.

■■■ The crux of this case revolves around the third issue. Was it reasonable for the Commissioner to fight to uphold the ALJ's determination regarding Plaintiff's ability to perform assembler and inspector/checker positions? Did the ALJ's finding that Plaintiff could not perform activities regarding repetitive fingering make it unreasonable for the Commissioner to support the ALJ's conclusion that Plaintiff could perform either an assembler or inspector/checker position?

The Commissioner contends that it was justified in seeking to uphold the ALJ's decision. The Commissioner argues: 1) there is some evidence that suggests that the ALJ failed to specify that the repetitive fingering limitation applied only to plaintiff's right hand in her findings and this was an inadvertent omission or clerical error. This argument finds support in the ALJ's questioning of the vocational expert in which the expert was asked to assume the Plaintiff "[c]an't do repetitive fingering with her dominant *right hand*." (R. at 64.) (emphasis supplied); 2) The medical evidence did not support a conclusion that plaintiff was unable to perform repetitive fingering with both hands. The Commissioner pointed to medical evidence showing plaintiff had a normal range of motion in her wrist (R. at 146), unremarkable x-rays of both wrists (R. at 148) as examples of supporting evidence; 3) Finally, the Commissioner argues that the vocational experts' testimony was not inconsistent with the ALJ's finding. The Commissioner asserts that although Plaintiff could not perform repetitive fingering, she could still perform light assembler and inspector/checker positions. It was not unreasonable for the Commissioner to pursue these positions before the Appeals Council, this Court or the Seventh Circuit. For these reasons, Plaintiff is not entitled to any attorney's fees or costs under EAJA.

### IV. CONCLUSION

The Commissioner has met its burden of demonstrating a reasonable basis in law and fact for its conduct. As a result, **Plaintiff's petition for an award of fees and costs pursuant to the Equal Access to Justice Act is denied.**