Effie L. WILLIAMS, Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.

No. 89–2626.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1990.

Decided June 5, 1990.

Nancy R. Mogab, St. Louis, Mo., for appellant.

Joseph Moore, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and MAGILL and BEAM, Circuit Judges.

LAY, Chief Judge.

Effie Williams appeals the district court's[1] affirmance of the denial of her claim for Social Security benefits. After her reapplication for benefits was granted,[2] the only issue left for determination is the date from which she should receive benefits. We conclude the Appeals Council erred in refusing to consider a psychological examination performed by Dr. Wheatt and presented to the Appeals Council after the ALJ's original decision. Thus, we remand to the Secretary for further consideration.

## BACKGROUND

The Administrative Law Judge (ALJ) rendered his initial decision on September 28, 1987, finding that Ms. Williams could perform her past relevant work and therefore was not disabled. On November 12, 1987, Ms. Williams filed a request for review of the ALJ's decision with the Appeals Council. In the request she submitted additional medical evidence. She also indicated that she was seeing a psychiatrist, Dr. Wheatt and requested an additional 60 days to file his report with the Appeals Council. On January 5, 1988, Ms. Williams requested an additional extension of time to file the psychiatric report. The report was eventually filed on January 19, 1988.[3] On February 19, 1988, the Appeals Council denied her request for review and refused to consider Dr. Wheatt's examination, finding it neither "new" nor "material." Ms. Williams appealed the decision to the district court which, adopting the recommendation of the magistrate,[4] granted the Secretary's motion for summary judgment. The district court found the Secretary's decision was supported by substantial evidence on the record as a whole. This petition for review followed.

After the Appeals Council denied her request for review Ms. Williams filed a second claim for disability, and on May 13, 1988, she was found disabled and awarded benefits. Thus, the issue of whether she is disabled and entitled to benefits is now moot. However, the benefits in her reapplication were only made payable from November 17, 1987, instead of December 6, 1984, the date Ms. Williams claims her disability began.

## DISCUSSION

■ Mandatory review of certain Social Security cases by the Appeals Council is governed by 20 C.F.R. § 404.970(b) (1989). This section provides in pertinent part:

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

---

1. The Honorable Stephen Limbaugh, United States District Court Judge for the District of Missouri.

2. Since the date of the district court's decision and prior to oral arguments before this court, Ms. Williams reapplied for and received Social Security benefits effective November 17, 1987. *See* n. 11, *infra.*

3. Dr. Wheatt opined that Ms. Williams was suffering from major affective disorder, depression and severe somatization disorder. He concluded that she was totally disabled.

4. The Honorable William S. Bahn, United States Magistrate for the District of Missouri.

20 C.F.R. § 404.970(b). Under this regulation, if a claimant files additional medical evidence with a request for review prior to the date of the Secretary's final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.

■■ In this case Ms. Williams offered Dr. Wheatt's report to the Appeals Council with her request for review,[5] and prior to the Secretary's final decision.[6] Therefore, we shall review Dr. Wheatt's report to see if the Appeals Council erred in determining that it was neither new nor material under section 404.970(b). *See Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1280 (9th Cir.1987).

After careful review, we conclude that Dr. Wheatt's report is new evidence for purposes of section 404.970(b). It is not merely cumulative of other evidence on the record regarding Ms. Williams' mental condition on the date of her hearing. Its findings are more specific and its conclusion, i.e., that Ms. Williams is totally disabled, was not supported by any other evidence of record. This meets the requirement of section 404.970(b).

We also conclude that Dr. Wheatt's report is material. In refusing to consider Dr. Wheatt's report, the Appeals Council stated:

The Appeals Council will not consider any additional evidence unless it is both new *and* material with respect to the period ending September 28, 1987, the

date the hearing decision was issued in this case. Since Dr. Wheatt's initial examination and treatment all occurred after the issuance of the decision, it is neither new nor material and the Council will not consider it.

Record p. 5 (emphasis original). The conclusion that Dr. Wheatt's report is neither new nor material because it was rendered after the issuance of the ALJ decision is incorrect. The timing of the examination is not dispositive of whether evidence is material. If it were, all evidence obtained after the date of an ALJ decision would fail to meet the new and material standard. Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir.1984); *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir.1989).[7] In this case Dr. Wheatt's report states that "[t]his patient has suffered from chronic mental illness since her early adult hood [sic]." Although this statement does not identify the date Ms. Williams' disability began, it does provide a sufficient basis to conclude that Dr. Wheatt's report relates to the period on or before the date of the ALJ's decision of September 28, 1987. Therefore, Dr. Wheatt's report is material under section 404.970(b) and the Appeals Council erred in refusing to consider it.[8]

Ms. Williams has now been found disabled by the Secretary as of November 17, 1987.[9] That date was selected based on the

---

**5.** Although the report was not actually submitted with her request for review it was submitted within the extension of time granted her by the Appeals Council for filing additional medical evidence.

**6.** Normally, where the Appeals Council declines to review a case, the date of the Secretary's final decision is the date the ALJ decision was issued. *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir.1988). However, at the time the evidence was offered to the Appeals Council in this case, the Secretary's decision was not final for purposes of section 404.970(b).

**7.** The Secretary argues that Dr. Wheatt's report is merely evidence of the deterioration of Ms. Williams' condition after the ALJ hearing and, therefore, requiring her to file a new claim was

appropriate. See, *Sanchez v. Secretary of Health and Human Servs.*, 812 F.2d 509, 511–12 (9th Cir.1987).

**8.** Additionally, for evidence to be material the condition complained of and addressed by the newly offered evidence must have been at issue before the ALJ. *See Sanchez*, 812 F.2d at 511. Based on the ALJ hearing transcript, we conclude Ms. Williams' mental condition was sufficiently at issue before the ALJ for purposes of section 404.970(b).

**9.** In his Award Certificate letter to Ms. Williams, dated May 31, 1988, informing her she had been found disabled, the Secretary stated: "It is determined that your period of disability began November 17, 1987. This is the date all facts in

assumption that Dr. Wheatt's report did not relate to the period on or before the ALJ hearing. As we have shown above, that is not the case. Thus, November 17, 1987, may not be the correct disability onset date. However, simply because November 17, 1987, may be an incorrect disability onset date does not mean that the onset date alleged by Ms. Williams, December 6, 1984, is correct. Since this is the type of factual determination best left to the Secretary, we decline to accept the onset date offered by Ms. Williams.

CONCLUSION

We remand to the Secretary to determine whether the evidence on the record as a whole, in light of Dr. Wheatt's report, establishes an earlier disability onset date.

your claim, including the medical evidence, show your condition first prevented you from doing substantial gainful work."