Vivian F. SAWYERS, Plaintiff–
Appellant,

v.

Donna E. SHALALA,* Secretary of the
Department of Health and Human
Services, Defendant–Appellee.

No. 92–1982.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1992.

Decided April 7, 1993.

Thomas A. Krause (argued), Des Moines, IA, for plaintiff-appellant.

Mary Dey Purcell (argued), Kansas City, MO, for defendant-appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Vivian F. Sawyers appeals the district court's [1] denial of her application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). In the underlying mandamus action, Sawyers obtained an order requiring the Secretary to continue paying social security disability benefits pending an administrative hearing on benefits termination. We conclude that the district court did not abuse its discretion in determining that the Secretary's position was "substantially justified" for EAJA purposes. Accordingly, we affirm.

I.

In September 1987, Sawyers applied for Social Security disability benefits under the Disability Insurance ("DI") and the Supplemental Security Income ("SSI") programs. After benefits were initially denied in January 1988, Sawyers asked the agency to reconsider and resumed working. She was awarded benefits under both programs in August 1988, effective as of February 1987. In November 1988, she filed a "Work Activity Report" summarizing her 1988 earnings.

In June and December 1990, the agency notified Sawyers that her award of DI and SSI benefits must be terminated because

* Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D. See Fed.R.App.P. 43(c).

1. The HONORABLE CHARLES R. WOLLE, Chief Judge of the United States District Court for the Southern District of Iowa.

"later information shows that you returned to substantial gainful work in January 1988 and have continued working since that time." Sawyers timely appealed both determinations and requested an agency hearing and continuation of benefits pending the outcome of that hearing.

Although the agency initially advised Sawyers that she would continue to receive benefits pending her hearing, she received no DI payment in June 1991, and neither DI nor SSI payments in July. Sawyers then commenced this action seeking mandamus relief to compel the Secretary to continue her benefits pending her administrative appeals. On August 1, 1991, the district court concluded that continuation of benefits was required under 42 U.S.C. §§ 423(g) and 1383(a)(7) and ordered the Secretary to pay Sawyers her June and July benefits and to continue paying DI and SSI benefits "until the administrative law judge issues a decision on the termination appeal heard July 10, 1991."

Sawyers then applied for an attorney's fee award under EAJA. The Secretary opposed. The district court denied this application, concluding that the Secretary's interpretation of the continuation-of-benefits statutes—that continuation is required only if benefits are terminated for medical reasons—was "substantially justified," albeit incorrect.

## II.

■ EAJA provides that a prevailing party shall recover its fees and other expenses from the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be substantially justified, the Secretary must show that her position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). We review the district court's decision on this issue only for abuse of discre-

tion. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986).

■ The continuation-of-benefits statutes provide that a recipient may elect to continue to receive benefits pending a hearing whenever the agency has determined that the recipient is not eligible for benefits because *"the physical or mental impairment* on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling." 42 U.S.C. § 423(g)(1)(B) (DI); 42 U.S.C. § 1383(a)(7)(A)(ii) (SSI) (emphasis added). In this case, the Secretary decided that Sawyers, whose benefits were terminated because of excessive earnings, was not entitled to continued benefits pending her hearing because the statutes limit benefits continuation to recipients who are terminated for medical reasons.

We agree with the district court that the Secretary's interpretation of the statutes is substantially justified. It is consistent with the literal language of the statutes, which limit the right to continued benefits to those who are terminated "as a consequence" of an agency determination that "the physical or mental impairment ... is found to have ceased, not to have existed, or to no longer be disabling." As a policy matter it is not unreasonable for the Secretary to interpret the statutes literally—continuation of benefits pending the hearing may be less essential for those recipients whose terminations are based upon excessive earnings.

We disagree with Sawyers's contention that the Secretary's interpretation is inconsistent with the statutes' legislative history. In 1984, when Congress enacted the SSI continuation-of-benefits provision and extended the temporary DI provision,[2] the Conference Report explained that these expanded benefits were available to "individuals notified of a medical termination decision." H.R.Conf.Rep. No. 1039, 98th Cong., 2d Sess. 33 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3080, 3091. Thus, it is

**2.** *See* Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794   (1984).

far from clear that Congress intended to extend the right to continued benefits to all DI and SSI recipients.

Sawyers also argues that the Secretary's position contravenes continuation-of-benefits rights established in cases decided before the statutes were enacted, particularly *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Johnson v. Mathews*, 539 F.2d 1111 (8th Cir.1976); and *Cardinale v. Mathews*, 399 F.Supp. 1163 (D.D.C.1975). However, contrary to Sawyers's characterization, none of these cases established that every SSI and DI recipient is entitled to continuation of benefits pending a full administrative hearing on the agency's termination decision. Prior case law left considerable room for Congress to define precisely when, and for how long, benefits should be continued during the administrative appeal process. Therefore, the district court correctly concluded that the controlling question for EAJA purposes is whether the Secretary's interpretation of the continuation-of-benefits statutes is substantially justified.

The judgment of the district court is affirmed. Like the district court, we do not consider the Secretary's alternative contention that Sawyers was not a prevailing party for EAJA purposes.