9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Jackie K. PADGETT, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services of
the United States, or Her Successor or Successors
in Office, Appellee.
 No. 93-1048.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1993.
Filed: October 22, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jackie K. Padgett appeals from the judgment of the district court[1] upholding the Secretary's denial of social security disability insurance benefits. We affirm.
 
 
 2
 In December 1989, Padgett applied for benefits, alleging disability as of September 26, 1986, due to a lower back injury with residual pain and limitation of movement, as well as temporomandibular joint (TMJ) syndrome. The Social Security Administration (SSA) denied benefits initially and upon reconsideration. Following a hearing, the administrative law judge (ALJ) found Padgett was not disabled and denied benefits. The ALJ concluded spondylolisthesis and degenerative changes in the TMJ were not listed impairments; Padgett's subjective complaints of pain were not credible; and Padgett could return to her past relevant work as a research technician.
 
 
 3
 Padgett requested review of the ALJ's decision and submitted medical evidence obtained following the hearing. On April 9, 1991, Padgett's attorney allegedly submitted to the SSA additional medical evidence obtained in an outpatient visit with W. Richardson, M.D., at a St. Louis pain clinic in January 1991. The Appeals Council denied review; it included in the administrative record the medical evidence that Padgett had submitted with the request for review, but did not mention Dr. Richardson's evaluation. The district court upheld the Secretary's decision to deny benefits and concluded that, had the Appeals Council considered Dr. Richardson's report, the ALJ's decision denying disability would still be supported by substantial evidence. Padgett timely appealed.
 
 
 4
 This court will not reverse a denial of disability benefits if it is supported by substantial evidence in the record as a whole. See 42 U.S.C. Sec. 405(g); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). " 'Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion.' " Murphy, 953 F.2d at 384 (quoted case omitted).
 
 
 5
 Although an ALJ must seriously consider a claimant's subjective testimony about pain, he can discredit it as long as he gives good reasons for doing so. Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991). Here, the ALJ properly examined Padgett's subjective complaints of pain under Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted), and discredited them because they were inconsistent with the record as a whole. The ALJ noted that Padgett went long periods of time without seeking treatment and physical therapy, she became pregnant around the time she alleged becoming disabled, and she took care of her child when he was an infant and a toddler. Moreover, the ALJ found that Padgett's activity level (which included housekeeping and driving her son to preschool) as well as the facts that Padgett did not take strong analgesics and her own doctor found her only 25% disabled were inconsistent with a claim of total disability. Therefore, we cannot say the ALJ erred in discrediting Padgett's subjective complaints of pain.
 
 
 6
 In determining if Padgett could return to her past job, the ALJ needed to "review [her] residual functional capacity and the physical and mental demands of the work [she] has done in the past." See 20 C.F.R. Sec. 404.1520(e) (1992); see also Salts v. Sullivan, 958 F.2d 840, 844 (8th Cir. 1992). Although the ALJ did not expressly consider the mental demands of Padgett's past relevant work or her inability to concentrate because of pain, Padgett's record contains sufficient evidence that she can perform her past work. See Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990). Thus, we conclude substantial evidence supports the ALJ's finding that Padgett could perform her past relevant work as a research technician.
 
 
 7
 We may remand a case to the Appeals Council if there is new and material evidence. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); see also 20 C.F.R. Sec. 404.970(b) (1992). The materiality requirement is met if the new evidence "relates to the claimant's condition on or before the date of the ALJ's decision," Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990), and if there is "a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." Gamer v. Secretary of Health & Human Servs., 815 F.2d 1275, 1280 (9th Cir. 1987) (internal quotations and quoted case omitted) (cited with approval in Williams, 905 F.2d at 216).
 
 
 8
 Even assuming the Appeals Council received Dr. Richardson's report but failed to consider it, we reject Padgett's contention that the report is material. The report does not contain supporting medical evidence for Dr. Richardson's conclusion that Padgett was "disabled for physical work," except for the fact that Dr. Richardson prepared his report following a "physical examination." Dr. Richardson was not Padgett's treating physician, and he merely noted Padgett's statement to him that she could lift only five pounds.
 
 
 9
 Padgett has submitted no evidence that she requested the district court to remand this case to the Secretary under 42 U.S.C. Sec. 405(g). See Geigle v. Sullivan, 961 F.2d 1395, 1396 (8th Cir. 1992). Therefore, we decline to address this request made for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri