# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1840

_____

| | | |
|---|---|---|
| Sandra C. Bergmann,[1] | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Kenneth S. Apfel, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: November 17, 1999

Filed: March 29, 2000

_____

Before WOLLMAN, Chief Judge, LAY and BOWMAN, Circuit Judges.

_____

LAY, Circuit Judge.

Sandra Bergmann appeals the district court's decision affirming the Commissioner of Social Security's ("Commissioner") denial of her claim for benefits. We reverse.

---

[1]At the outset, we note some confusion over the spelling of Ms. Bergmann's name. The district court maintained a spelling of "Bergman" throughout its opinion; however, relying on the signatures on the applications for benefits, this court will adhere to the spelling "Bergmann."

## I. Background

Bergmann filed for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33 and 1381-1383c, respectively. Bergmann alleged a disability onset date of July 17, 1995, citing back pain, headaches, emotional trauma, stress, fatigue, dizzy spells, and rheumatoid arthritis.

After being denied benefits initially and on reconsideration, Bergmann sought an administrative hearing. On May 5, 1997, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ rendered his decision on July 24, 1997, finding Bergmann ineligible for benefits due to her work activity.[2] Specifically, the ALJ noted that "there is no 12 month period since the alleged onset date of July 17, 1995 when the claimant has not been employed at substantial gainful activity levels." The ALJ observed that, although off work at the time of the hearing, Bergmann had a relatively consistent employment history for the relevant time period and she testified to her intent to try to return to work. Based on this, the ALJ concluded, "there is no evidence that the claimant is expected to remain off work for one year." Thus, the ALJ found Bergmann not disabled and denied her benefits.[3]

---

[2]At the time of the administrative hearing, Bergmann had been employed since April 22, 1996, but was currently on unpaid medical leave. Her work history included working as a secretary, factory worker, hotel housekeeper, customer service representative, dog washer/brusher, and credit investigator. During her most recent employment as a credit investigator, Bergmann was working only part-time, approximately twenty hours per week, and earning $6.50 per hour.

[3]Because the ALJ focused on Bergmann's work activity, he did not discuss the Vocational Expert's administrative hearing testimony which indicated that if claimant's testimony regarding her pain and need to lie down on a daily basis was accepted, it would "eliminate basically any type of employment."

Bergmann filed a request for review of the ALJ's decision with the Appeals Council. With her request she submitted supplemental evidence unavailable at the time of the administrative hearing. This additional evidence consisted of, in part, letters from her treating psychiatrist, Dr. Donald W. Burnap, discussing her mental condition and opining that she would be disabled for twelve months or longer and likely could not maintain gainful employment for the next two years. Stating that it "considered" this additional evidence, but failing to expound upon it, the Appeals Council concluded that "neither the contentions nor the additional evidence provides [sic] a basis for changing the Administrative Law Judge's decision." Consequently, the Appeals Council denied the request for review, making the ALJ's decision the final determination of the Commissioner.

Bergmann then filed an action for review with the district court. On February 20, 1999, the district court issued its Memorandum Opinion and Order granting the Commissioner's motion for summary judgment.[4] This appeal followed.

## II.  Discussion

## A.  Standard of Review

This court will uphold the Commissioner's decision denying benefits if it is supported by substantial evidence on the record as a whole. *See Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir.1998); *Ghant v. Bowen*, 930 F.2d 633, 637 (8th Cir. 1991); 42 U.S.C. 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support [the Commissioner's]

---

[4]The district court noted in its Memorandum Opinion and Order that at the time of its decision, Bergmann had not yet returned to any employment. At oral argument before this court, counsel for Bergmann indicated that, to the best of his knowledge, Bergmann had remained out of work since the administrative hearing.

decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir.1998). In determining whether existing evidence is substantial, this court looks at both evidence that supports and evidence that detracts from the Commissioner's decision. *Id.* at 1207. *See also Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir.1999).

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. *See Jenkins v. Apfel*, 196 F.3d 922, 924 (8th Cir. 1999) (citing *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994)). Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley*, 18 F.3d at 622. In practice, this requires this court to decide how the ALJ would have weighed the new evidence had it existed at the initial hearing. *Id.* As we have oft noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

## B.    Claimant's Work Activity

An individual is "disabled" under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The burden of establishing a compensable disability under the Act is initially on the claimant. *See Kerns v. Apfel*, 160 F.3d 464, 466 (8th Cir. 1998); *Riley*, 18 F.3d at 621 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

In this case, Bergmann alleged a disability onset date of July 17, 1995. According to her employment history, she was employed until this alleged onset date,

then was unemployed for a brief period before being employed again from April 22, 1996 until April 4, 1997. On April 4, just a month prior to the administrative hearing, Bergmann initiated a 90-day period of unpaid medical leave. At the administrative hearing, Bergmann testified to her intent to return to work:

> Q: And now you're waiting for the doctor to either release you to go back to work or limit you from going back to work?
>
> A: Well, Dr. Weaver said I have osterior (Phonetic) arthritis and I don't even know if I can deal with going back to work right now. I'm going to try. I'm going to see if Dr. Winslow will fill [the return to work forms] out for after I go for the MRI tomorrow and maybe return back to work Wednesday.
>
> Q: Okay, so you want to try to return back to work?
>
> A: That's right.

Considering Bergmann's work history, and more particularly, focusing on her testimonial intent to return to work, the ALJ found that there was "no evidence" that Bergmann was expected to remain off work for the requisite twelve months.

The district court summarized the situation presented to the ALJ:

> [T]he ALJ was originally presented with a claimant who (although at the time on unpaid medical leave) had engaged in gainful employment in the recent past. In addition, Bergman [sic] testified that she intended to return to work in the future. Thus, at the time of his decision, the ALJ had not been presented with the possibility that Bergman [sic] would remain unemployed for the continuous period of twelve months or more necessary to establish a lack of substantial gainful activity. If these facts were the only basis for determining whether or not the ALJ's decision was based on substantial evidence, this Court would have little choice but to affirm.

*Bergman v. Apfel*, Civ. No. 98-5077, slip op. at 6 (D.S.D. Feb. 20, 1999) (internal citation omitted). Having read the transcript of the administrative hearing and reviewed all of the exhibits submitted at the hearing, this court finds the ALJ's initial determination of no disability to be supported by substantial evidence on the record as a whole. However, this is not the end of our inquiry. As the district court correctly pointed out, the submission of the additional evidence to the Appeals Council complicates the analysis; thus, this court now turns to that additional evidence.

## C.     Evidence Submitted to the Appeals Council

Bergmann argues that the Commissioner erred in failing to give the appropriate weight to her treating physician's opinion that she would be disabled for the requisite twelve months. It is well-settled that a treating physician's opinion is entitled to substantial weight "unless it is unsupported by medically acceptable clinical or diagnostic data." *Kirby v. Sullivan*, 923 F.2d 1323, 1328 (8th Cir. 1991); *see also Jenkins*, 196 F.3d at 924-25 (citing *Ward v. Heckler*, 786 F.2d 844, 846 (8th Cir. 1986)); *Ghant*, 930 F.2d at 639; *McGhee v. Harris*, 683 F.2d 256, 259 (8th Cir. 1982).

Dr. Burnap was Bergmann's treating physician and the basis of his opinion is not challenged; consequently, his opinion is entitled to great weight. This court, however, is not faced with the simple question of due-weight to be given a treating physician's opinion; rather, this court must consider that question in light of the fact the evidence was submitted subsequent to the ALJ's decision.

20 C.F.R. 404.970(b) provides:

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and

material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

Thus, the Appeals Council *must* consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Box v. Shalala,* 52 F.3d 168, 171 (8th Cir. 1995) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir. 1990)). Whether evidence meets these criteria is a question of law this court reviews *de novo. Id.*

To be "new," evidence must be more than merely cumulative of other evidence in the record. *See Williams*, 905 F.2d at 216 (concluding that psychiatrist's report was new because it was not merely cumulative but instead presented more specific findings and conclusions). To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *Id.* Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application); *Williams*, 905 F.2d at 216 (finding that despite failure to identify onset date, doctor's report was material because it provided sufficient basis to conclude it related to the relevant time).

Prior to the administrative hearing, Bergmann saw Dr. Burnap on June 4, 1996, January 20, 1997, and February 25, 1997. The evidence from these visits indicates a diagnosis of Bergmann's "relatively longstanding depression or dysthymic disorder." Further, the reports note an ongoing deterioration in her condition, and, as early as June 4, 1996, predict that she would not be able to maintain gainful employment over an extended period of time. Subsequent to the administrative hearing, Bergmann again saw Dr. Burnap. The medical reports from these post-hearing visits on August 27, 1997, September 25, 1997, and October 2, 1997, constitute the additional evidence

submitted to the Appeals Council. These post-hearing reports continue to discuss the medical condition presented to the ALJ, but provide a more specific and conclusive diagnosis regarding Bergmann's disability and work capacity.

Specifically, the August 27, 1997, report notes that Bergmann's major mental illness remains the same, yet it identifies changes in her condition:

> During the past three weeks she has had no appetite, feels she is losing weight and also sleeps very poorly. . . .
>
> *During the past seven months* she has had no social contact with others and no other personal involvement in any activities outside her mobile home. In the past three weeks she has not been able to do any cooking, housework or any other household activities. She sits in a chair.

(emphasis added). This same report notes, "[a]t the present time her condition is significantly worse than it was *seven months ago* and an obvious factor is the death of her ex-husband several weeks ago." (emphasis added). The September 25, 1997, report again indicates no change in the overall diagnosis, but states "her mental disorder is gradually getting worse. She has now been off work since April 4, 1997." Finally, the October 2, 1997, report states:

> I can say with reasonable medical certainty that [Bergmann] will be disabled for 12 months and probably much longer. My opinion is based on the nature of her back disorder and level of depression. I have now been *following her illness since June, 1996*, and during this time her condition has *steadily worsened*. Without assistance she will soon be in serious trouble and even with treatment she will probably not be able to maintain any sort of gainful employment for at least 2 years.

(emphasis added).

This additional evidence outlines the progress of Bergmann's condition from before the time of the ALJ's decision and culminates in Dr. Burnap's October 2, 1997, conclusion that she is disabled and cannot maintain gainful employment. This evidence is both new and material to the claim for disability before the ALJ. The evidence is new because it describes deterioration and provides, for the first time, a conclusive psychiatric determination of disability and inability to work. It is material because, although it involves deterioration, that deterioration occurred over the course of Dr. Burnap's treatment, specifically including the time period before the ALJ.

Accordingly, the picture presented to the ALJ is significantly altered by the additional evidence. Now the evidence shows a claimant who had engaged in gainful employment in the recent past, who is currently on unpaid medical leave, and, despite her expressed hope, has been unable to return to work. Furthermore, a treating physician has clearly indicated disability and inability to return to any work for a prolonged period. Thus, the ALJ's conclusion that there was "no evidence that the claimant is expected to remain off work for one year" is no longer supported by substantial evidence on the record as a whole.

In *Jenkins*, this court's most recent opinion dealing with the question of "new" evidence, the claimant submitted to the Appeals Council medical reports from a treating physician indicating less residual functional capacity than the ALJ had determined. *Jenkins*, 196 F.3d at 924. Relying on the weight to be accorded treating physicians, and the fact that the new evidence undermined the ALJ's sole reason for crediting the non-treating doctor's assessment, the court reversed the finding of no disability. *Id.* at 927.[5] Similarly, the ALJ in the present case emphasized a single reason for his finding – Bergmann's testimonial intent to return to work. Bergmann, however, did not return

---

[5]The *Jenkins* court made this determination over Judge Loken's dissent discussing the treating physician's lack of clarity regarding when the current level of severity in claimant's condition manifested itself.

to work and her treating physician strongly indicates her inability to do so in the foreseeable future; thus, the ALJ's reason for denying a disability finding is no longer supported by substantial evidence.

In light of the weight generally owed treating physicians and the fact that Dr. Burnap's psychiatric evaluation is uncontroverted, this court holds that Bergmann is entitled to disability benefits. However, while Dr. Burnap's opinion is clear regarding a finding of disability and inability to engage in gainful employment for the immediate future, the evidence does not reveal a clear onset date. In addition, Dr. Burnap's opinion is now more than two years old, so we do not know whether Bergmann's condition has improved such that she is no longer disabled and thus, entitled to only a closed period of disability benefits. Such factual determinations are within the province of the Commissioner; thus, this court remands to the Commissioner.

## III. Conclusion

Accordingly, the judgment of the district court is reversed, and the case remanded with instructions to remand to the Commissioner for reconsideration in light of the new evidence and to further afford the parties the opportunity to supplement the record with any additional evidence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.