# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-2204EA

———————

Linda J. Staggs,                                    *
                                                    *
    Appellant,                   *   On Appeal from the United
                                                    *   States District Court
v.                                                  *   for the Eastern District
                                                    *   of Arkansas.
Kenneth S. Apfel, Commissioner,                     *
Social Security Administration,                     *   [Not To Be Published]
                                                    *
    Appellee.                    *

———————

Submitted: June 2, 2000

Filed: June 13, 2000

———————

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

———————

PER CURIAM.

Linda Staggs appeals the District Court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We affirm.

At a hearing before an administrative law judge (ALJ), Staggs testified that she suffers from fatigue, fibromyalgia, and upper body pain. Her sister testified that Staggs

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

suffers from depression. Following the hearing, the ALJ found that Staggs's fibromyalgia did not meet or equal a listed impairment, and that the medical evidence did not support a finding of mental disability. Considering the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ discounted Staggs's subjective complaints of disabling pain, finding them inconsistent with the objective medical evidence and her daily activities. The ALJ concluded Staggs could not return to her past relevant work, but retained the ability to perform sedentary work, and was therefore not disabled.

We conclude that substantial evidence in the record, including the new evidence Staggs submitted to the Appeals Council, supports the ALJ's decision. See Bergmann v. Apfel, 207 F.3d 1065, 1068 (8th Cir. 2000). First, as to the alleged mental impairment, the ALJ properly credited one psychologist's opinion--that Staggs exaggerates her symptoms and has little difficulty adjusting--over another psychologist's opinion--that Staggs suffers from disabling depression--given Staggs's failure to allege a disabling mental impairment in her application and to seek mental health treatment for her depression. See Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993). Second, the ALJ considered Staggs's impairments in combination. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994). Third, the ALJ properly discredited Staggs's subjective complaints of disabling pain, because her daily activities could be considered inconsistent with disabling pain, two treating physicians encouraged her to exercise, and another treating physician placed only a crawling restriction on her. See Smith, 987 F.2d at 1374 (lack of significant medical restrictions is inconsistent with claimant's complaints of disabling pain); Murphy v. Sullivan, 953 F.2d 383, 386 (8th Cir. 1992) (ability to do housework, cook, drive, grocery shop weekly, and walk to nearby residences could be seen as inconsistent with debilitating pain). Last, the ALJ made full and explicit findings regarding Staggs's residual functional capacity and properly concluded--after considering the objective medical evidence, the testimony of the vocational expert, and Staggs's daily activities--that she could perform sedentary work. See 20 C.F.R. § 404.1567(a) (1999) (sedentary work); Weiler v. Apfel, 179

F.3d 1107, 1111 (8th Cir. 1999) (expert testimony in response to hypothetical is substantial evidence supporting ALJ's conclusion that significant number of jobs exist which claimant can perform).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.