# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2243

_____

Susan Eidoen,                              *
                                           *
        Appellant,               *
                                           *   Appeal from the United States
    v.                          *   District Court for the
                                           *   District of North Dakota
Kenneth S. Apfel, Commissioner of          *
Social Security,                           *          [UNPUBLISHED]
                                           *
        Appellee.                *

_____

Submitted:   June 7, 2000

Filed:   June 26, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Susan Eidoen appeals from the final judgment entered in the United States District Court[1] for the District of North Dakota denying her application for attorney's

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota.

fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons discussed below, we affirm the judgment of the district court.

In 1995 Eidoen applied for disability insurance benefits and supplemental security income (SSI), alleging disability since November 1994 from herniated discs and degenerative disc disease. In July 1996, after an administrative hearing wherein Eidoen testified, inter alia, that depression affected her ability to work, an administrative law judge (ALJ) concluded Eidoen was not disabled because she could perform some of her past relevant work and certain unskilled sedentary jobs identified by a vocational expert. The ALJ discounted her complaints of disabling depression and completed a psychiatric review technique form. Eidoen then submitted to the Appeals Council mental health treatment records reflecting treatment starting in August 1996. The Appeals Council declined review, finding the additional records were not material. When Eidoen sought judicial review, the district court remanded her case for reconsideration of the mental health records, finding they related to the period prior to the ALJ's decision.[2] Eidoen then moved for attorney's fees, costs, and disbursements under EAJA. The district court denied the motion, finding the Appeals Council's decision to decline consideration of the additional records reasonable, although ultimately incorrect. For reversal, Eidoen now argues the district court abused its discretion in denying her EAJA motion because the Appeals Council's position was not substantially justified.

We review for abuse of discretion the district court's denial of an EAJA motion for attorney's fees and expenses. See Herman v. Schwent, 177 F.3d 1063, 1065 (8th Cir. 1999). EAJA permits parties who prevail against the United States to recover attorney's fees and other expenses unless the court determines that "the position of the [Commissioner] was substantially justified or that special circumstances make an award

_____

[2]On remand, Eidoen was eventually awarded SSI benefits retroactive to August 1996, based on her mental impairment.

unjust." See Sawyers v. Shalala, 990 F.2d 1033, 1034 (8th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)).

We disagree with Eidoen that the Appeals Council's position was contrary to well-established Eighth Circuit law. The Appeals Council must consider additional evidence when it is new, material, and related to the period on or before the ALJ's decision. See 20 C.F.R. §§ 404.970(b), 416.1470(b) (1999); Bergmann v. Apfel, 207 F.3d 1065, 1069 (8th Cir. 2000) (Bergmann). Material evidence is evidence that relates to the claimant's condition for the time period for which benefits were denied, and not to after-acquired conditions or post-decision deterioration of a pre-existing condition. See Bergmann, 207 F.3d at 1069-70. We believe the records submitted here did not clearly relate to Eidoen's condition on or before the ALJ's July 1996 decision. Although the August 1996 treatment notes indicate that Eidoen had had depressive symptoms since the early 1980s, see Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990) (physician's report stating that patient suffered from chronic mental illness since early adulthood found to relate to period on or before ALJ's decision), her reports of suicidal thoughts and plans were new, and anxiety attacks such as she experienced in her teens had recently recurred because of the suicidal thoughts, cf. Bergmann, 207 F.3d at 1070 (picture presented to ALJ significantly altered by additional evidence submitted to Appeals Council; deterioration in claimant's "longstanding depression and dysthymic disorder" occurred over course of physician's treatment, including time period before ALJ). Eidoen's failure to challenge the determination on remand--that her mental condition was not disabling until August 1996, after the ALJ's July 1996 decision--also undermines her contention that these records were material. Thus, we conclude it was reasonable for the Appeals Council to determine that the records were not material and to decline to consider them, and that the district court did not abuse its discretion in denying Eidoen's EAJA motion. See Patterson v. Buffalo Nat'l River, 144 F.3d 569, 571 (8th

Cir. 1998) (although government's position was not necessarily correct, it was substantially justified if it was clearly reasonable and well-founded in law and fact).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.