Brown v. SSA                          CV-00-102-JD   12/22/00
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Larrie Brown

        v.                          Civil No. 00-102-JD
                                    Opinion No. 2000 DNH 265
Kenneth S. Apfel, Commissioner
Social Security Administration


                            O R D E R


     The plaintiff, Larrie Brown, brings this action pursuant to

42 U.S.C.A. § 405(g) seeking review of the decision of the

Commissioner to deny his claim for Title II social security

benefits.  Brown challenges the Commissioner's decision,

contending that the Administrative Law Judge ("ALJ") failed to

properly assess his subjective complaints of pain and that

substantial evidence does not exist in the record to support the

ALJ's decision.  Brown moves to reverse the Commissioner's

decision and to remand the case, and the Commissioner moves to

affirm.



                           Discussion

     Larrie Brown applied for social security disability benefits

in April of 1996, alleging an inability to work since October of

1995, due to a back condition.  Specifically, the medical

evidence in the record shows that Brown had a posterior disc

protrusion at L4-5 and L5-S1, spinal stenosis at L3-5, and significant midline disc protrusion at L5-S1. He underwent back surgery, a laminectomy at L-3 and L-4 with bilateral foraminotomies, in March of 1996. Brown's condition improved after surgery, but he continued to experience neck pain and symptoms in his arms and hands. By November of 1997, Brown's neurologist reported that Brown's back condition, neck condition, pain, and radicular symptoms into his arms and hands caused him to have a moderate to severe permanent impairment that would prevent him from doing any employment that required physical exertion.[1]

After a hearing held in November of 1997, the ALJ issued a decision on December 5, 1997, finding that Brown "has severe degenerative disc disease of the spine" and that he was not able to return to his previous work as a pile driver attendant and truck driver. The ALJ determined that Brown remained able to do work at a light exertional level and did not credit Brown's statements about the level of his impairment due to pain. Based

---

[1]The additional medical evidence was submitted only to the Appeals Council, which denied review, and pertains to treatment after the date of the ALJ's decision. Therefore, the additional medical evidence is not material to the time period in question here. See 20 C.F.R. § 404.970(b); Bergmann v. Apfel, 207 F.3d 1065, 1069 (8th Cir. 2000); Schaal v. Apfel, 134 F.3d 496, 505 n.8 (2d Cir. 1998).

2

on the testimony of a vocational expert and the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ concluded that Brown was not disabled.

When a claimant alleges disability due to pain, in assessing the claimant's residual functional capacity, the ALJ must first determine whether the claimant has a medically determinable impairment that is reasonably likely to produce the pain claimed. See 20 C.F.R. § 404.1529(a) and (b); Nguyen v. Chater, 172 F.3d 31, 34 (1st Cir. 1999). If so, the ALJ must assess the severity of the pain and the extent to which pain impedes the claimant's ability to work by considering all of the pertinent evidence of record including "claimant's statements, opinions of treating physicians, reports of claimant's activities and claimant's course of treatment." Id.; see also DaRosa v. Secretary of Heath & Human Servs., 803 F.2d 24, 25-26 (1st Cir. 1986). "[C]omplaints of pain need not be precisely corroborated by objective findings, but they must be consistent with medical findings." Dupuis v. Secretary of Health & Human Servs., 869 F.2d 622, 623 (1st Cir. 1989).

Once again, the ALJ's analysis of the claimant's subjective complaints of pain is insufficient to allow a meaningful review by the court. See, e.g., Lovely v. Apfel, 2000 WL 1745076, *4 (D.N.H. Oct. 20, 2000); Machos v. Apfel, 2000 WL 1507449, *5

(D.N.H. June 15, 2000); <u>Blake v. Apfel</u>, 2000 WL 1466128, *6 (D.N.H. Jan. 28, 2000).  As the court has repeatedly explained, a recitation of the standard with little or no discussion of the facts of the case, in the context of the pertinent factors, is insufficient and is not acceptable.  <u>See</u> <u>id.</u>  To have this situation recurring unnecessarily wastes the resources of the litigants and this court.  In addition, the ALJ in this case appears to have misunderstood pertinent facts, such as the medications that Brown had taken and was taking to treat his pain.

Because the ALJ failed to apply the appropriate standard in assessing the credibility of Brown's statements about the extent of his impairment, the ALJ's finding as to Brown's credibility is not conclusive.  <u>See</u> <u>Nguyen</u>, 172 F.3d at 35.  The Commissioner's decision that Brown was not disabled depends heavily on the ALJ's finding as to Brown's level of pain and impairment due to pain.  Therefore, the Commissioner's decision that Brown is not disabled must be vacated and the case remanded for further proceedings.  <u>See</u> <u>DaRosa</u>, 803 F.2d at 26.

Conclusion

For the foregoing reasons, the plaintiff's motion to reverse and remand the Commissioner's decision (document no. 6) is

4

granted.  The Commissioner's motion to affirm the decision (document no. 8) is denied.  The decision of the Commissioner is reversed and remanded for further proceedings.  As this is a "sentence four" remand, the clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

December 22, 2000

cc:  Raymond J. Kelly, Esquire
     David L. Broderick, Esquire