# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1780

_____

Martha L. Aulston,                             *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
      v.                                       *   District Court for the
                                               *   Eastern District of Arkansas.
Michael J. Astrue, Social Security             *
Administration Commissioner,                   *          [UNPUBLISHED]
                                               *
            Appellee.                          *

_____

Submitted: April 30, 2008
Filed: May 16, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Martha L. Aulston appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB) and supplemental security income (SSI). In Aulston's applications for SSI and DIB, she alleged disability since February 2000 from back problems. After hearings in 2002 and 2003, Aulston's alleged onset date was amended to January 2002, and in July 2003 an administrative law judge (ALJ)

_____

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

found her disabled. The Commissioner subsequently determined that Aulston had provided erroneous information on whether she had engaged in substantial gainful activity. The matter was reopened, and after yet another hearing in 2004, the ALJ issued an opinion finding that (1) Aulston had engaged in substantial gainful activity until August 2003, and her DIB insured status had expired in March 2003; (2) her Type II diabetes and history of heart surgery were severe impairments, but not of listing-level severity; (3) her subjective complaints were not entirely credible; and (4) she had the residual functional capacity to perform work at the medium exertional level, and thus could perform her past relevant work as a certified nurse's assistant. Having carefully reviewed the record, we affirm. See Flynn v. Astrue, 513 F.3d 788, 792 (8th Cir. 2008) (standard of review).

We reject Aulston's argument that the ALJ erred by ignoring treating physician Safwan Sakr's opinion that the requirements of Listing 1.02 (major joint dysfunction) were met. As the district court noted, Dr. Sakr's records were not before the ALJ, and thus we disagree with Aulston's passing assertions that the ALJ was required to further develop the record or consult a medical adviser on Listing 1.02, or to explain further his finding that the limitations at issue did not meet the listing-level requirements. The Appeals Council is required to consider new and material evidence submitted after the ALJ's opinion if it relates to the period on or before the date of the ALJ's decision. See 20 C.F.R. §§ 404.970(b), 416.1470(b). We interpret the Appeals Council's statement that the additional evidence did not provide a basis for changing the ALJ's decision as a finding that Dr. Sakr's records were not material. See Bergmann v. Apfel, 207 F.3d 1065, 1069-70 (8th Cir. 2000) (whether additional evidence meets criteria is question of law this court reviews de novo; to be material, evidence must be relevant to claimant's condition for time period for which benefits were denied, and must not merely detail after-acquired conditions or post-decision deterioration of pre-existing condition). The ALJ stated in the August 2004 decision that he was reopening his July 2003 decision, which was issued almost a year before Aulston developed the symptoms for which she saw first saw Dr. Sakr in June 2004--

eleven days after the 2004 hearing--and Aulston based her claim on osteoarthritis-related back and hip problems, not on shoulder, ankle, or wrist problems from rheumatoid arthritis which were never brought to the attention of the ALJ, although Aulston was counseled. We decline to consider Aulston's undeveloped argument that she "clearly" met the requirements of Listing 9.08 (diabetes). See SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1320 (Fed. Cir. 2006) (collecting cases for proposition that undeveloped arguments are waived). Accordingly, we affirm.

_____