# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1721

_____

| | |
|---|---|
| James F. Manser, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Southern |
| | * District of Iowa. |
| Michael J. Astrue, | * |
| Commissioner of Social Security, | * [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted: February 5, 2010
Filed: February 25, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James F. Manser appeals the district court's[1] order affirming the denial of supplemental security income. Manser claimed disability since April 2004 from, inter alia, depression, anxiety, a social-anxiety disorder, hip and knee arthritis, and spinal disorders. After two hearings, where Manser was represented by a layperson, an administrative law judge (ALJ) found that (1) Manser's severe impairments--cervical and lumbar degenerative disc disease, major depressive and personality disorders, and

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

anxiety--did not meet or medically equal the requirements of the relevant listings alone or combined; (2) his other diagnosed conditions, including fibromyalgia, were not severe impairments; (3) his subjective complaints were not entirely credible; and (4) his residual functional capacity (RFC) precluded his past relevant work, but he could perform other jobs that a vocational expert (VE) identified in response to a hypothetical from the ALJ. The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record and considered Manser's arguments for reversal, we affirm. See Davidson v. Astrue, 578 F.3d 838, 841-42 (8th Cir. 2009) (standard of review; if substantial evidence supports ALJ's decision, reversal is not warranted even if inconsistent conclusions may be drawn from evidence or court would have decided case differently).

Because the ALJ gave multiple valid reasons for his credibility determination, we defer to that determination. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008). We also conclude that Manser failed to meet his burden of showing that his fibromyalgia constituted a severe impairment. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000); see also 20 C.F.R. § 416.908 (impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques).

As to the ALJ's RFC findings, he properly discounted the opinions of certain treating and consulting physicians and psychologists; and his RFC findings are supported by substantial evidence. See Davidson, 578 F.3d at 844 (ALJ should determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations); Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007) (opinion of consulting physician is not entitled to special deference, especially when it is based largely on claimant's subjective complaints); Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006)(for treating physician's opinion to be given controlling weight, it must be supported by medically acceptable diagnostic tests and not be inconsistent with other

substantial evidence in record; physician's own inconsistency may diminish or eliminate weight accorded to his opinion).  Manser's related challenge to the ALJ's hypothetical to the VE fails as well.  See Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005) (proper hypothetical sets forth impairments supported by substantial evidence and accepted as true by ALJ).  Finally, the report Manser submitted for the first time to the Appeals Council does not require reversal as we agree with the Appeals Council that it was not material.  See Bergmann v. Apfel, 207 F.3d 1065, 1069-70 (8th Cir. 2000) (standard of review).  Accordingly, we affirm.

_____