RILEY, Chief Judge,
concurring in part and dissenting in part.
I concur with the majority that this appeal should be remanded to the district court for factual findings regarding whether Whitney timely submitted Dr. Ziolko’s report. Such findings are essential to determine if Whitney has made “a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding” as required by 42 U.S.C. § 405(g). If Whitney timely submitted the report, as his facsimile report seems to suggest, and the Appeals Council failed to consider it through no fault of Whitney’s, Whitney arguably has made the requisite showing of good cause for the failure to incorporate the report into the administrative record.
But I am unable to join the majority’s opinion to the extent it relies on Williams v. Sullivan, 905 F.2d 214 (8th Cir.1990) and its progeny to suggest the federal *1008 courts have (1) jurisdiction independent of § 405(g) to review the Appeals Council’s compliance with its own regulations in a nonfinal agency action, and (2) authority to order remand to the Commissioner to consider additional evidence absent a showing of good cause. Although it is reasonable to conclude a disability claimant should have some recourse to the federal courts to ensure the agency complies with its own regulations, neither Whitney nor the panel in Williams has articulated a statutory basis for jurisdiction in the federal courts independent of § 405(g).[2] I respectfully dissent in this part of the majority opinion.

. At oral argument, Whitney reasonably suggested jurisdiction for such review may lie under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-06. But Whitney did not even mention the APA in the district court or in his brief here or attempt to explain whether the de novo review the court used in Williams is the appropriate standard.