## United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2310
_____

Elecia Smith

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: April 19, 2019
Filed: June 05, 2019
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Elecia Smith appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Having considered Smith's arguments for reversal, we agree with the district court that substantial evidence in the record as a whole supports the adverse decision. See Stanton v. Comm'r, Soc. Sec. Admin., 899 F.3d 555, 557-58 (8th Cir. 2018) (de novo review of district court's judgment; affirmation is warranted if Commissioner's decision is supported by substantial evidence in record as whole). Specifically, substantial evidence supported the administrative law judge's (ALJ's) findings that Smith's impairments did not meet any listings, see Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014) (to meet listing, claimant had to show that he met all of listing's criteria); and the ALJ's findings regarding Smith's residual functional capacity, see Julin v. Colvin, 826 F.3d 1082, 1089 (8th Cir. 2016) (substantial evidence supported RFC determination based on treating physician's opinion, state agency opinions, and ALJ's review of medical evidence). We also find that Smith's post-hearing evidence is either cumulative or not material to the period at issue, see Whitman v. Colvin, 762 F.3d 701, 709 (8th Cir. 2014) (progressive changes on X-rays taken 7 months after date last insured did not relate to period at issue, and pre-hearing records regarding recent symptoms and X-ray similar to previous examination were cumulative); Bergmann v. Apfel, 207 F.3d 1065, 1069-70 (8th Cir. 2000) (to be material, evidence must be relevant to claimant's condition for denial period, and must not merely detail post-decision deterioration of pre-existing condition; new evidence must be more than merely cumulative).

The judgment is affirmed. See 8th Cir. R. 47B.

—————————————————

[1]The Honorable Barry A. Bryant, Magistrate Judge, United States District Court for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).